THOMPSON BUKHER LLP
Tim Bukher (TB1984, tbukher@thomplegal.com)
Benjamin S. Thompson (BT2176, bthompson@thomplegal.com)
369 Lexington Avenue, Suite 327
New York, New York 10017
Tel: (646) 770-1010
Fax: (646) 349-2366
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HOME CARE PRODUCTS, LLC and C & D FLOOR CARE, LLC D/B/A TIDYVAC<br><br>*Plaintiffs*,<br><br>– against –<br><br>JOHN/JANE DOES 1-10 and XYZ COMPANIES<br><br>*Defendant*s. | **COMPLAINT**<br><br>**Civ. Action No.**: 15-cv-6921<br><br>**ECF Case** |

Plaintiffs Home Care Products, LLC ("HomeCare") and C & D Floor Care, LLC d/b/a TidyVac ("TidyVac") (collectively the "Plaintiffs"), by and through their undersigned attorneys, submit this Complaint against JOHN/JANE DOES 1-10 and XYZ COMPANIES (collectively the "Defendants"), on knowledge as to themselves and otherwise on information and belief, as follows:

**NATURE OF THE ACTION**

1.     This is a complaint for Reverse Passing Off, Unfair Competition, and False Advertisement arising under § 43 of the Lanham Act, 15 U.S.C. §§ 1125(1), Common Law Unfair Competition, deceptive business practices arising under N.Y. GBS. Law § 349, and indemnification.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over Plaintiffs' claims for unfair competition and related claims pursuant to 15 U.S.C. §§ 1051, *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.

3.      This Court has supplemental jurisdiction over Plaintiff's common law unfair competition claims, deceptive business practices claims, and indemnification claims arising under the laws of New York pursuant to 28 U.S.C. § 1367.

4.      The Court has personal jurisdiction over the Defendants pursuant to New York Civil Practice Law § 302(a)(1). Plaintiffs' claims arise out of the conduct that took place in this district, giving rise to personal jurisdiction over Defendants. Upon information and belief, Defendants have conducted acts of false advertisement, reverse passing off, unfair competition, and common law unfair competition in this district by manipulating Plaintiff's product listings for items on sale in this district and by conducting regular business in this district.

5.      Venue is proper in this district pursuant to 28 U.S.C. 1391(a), in that all of the Defendants are subject to personal jurisdiction in this district at the time the action is commenced, and 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

6.      Plaintiff Home Care Products, LLC is a limited liability company organized under the laws of the State of Ohio with an address of 2077 Midway Drive, Twinsburg, OH 44087.

7.      Plaintiff C & D Floor Care, LLC d/b/a TidyVac is a limited liability company organized under the laws of the State of Virginia with an address of 246 Airport Road, Suite 4, Winchester, VA 22602.

8.      John/Jane Does 1-10 are individuals and/or businesses whose actual names are currently unconfirmed and true addresses currently unknown.

9.      The preceding Defendants are acting in conjunction with various Defendant John and Jane Does and XYZ Companies whose identities are not presently known

## BACKGROUND FACTS

*HomeCare*

10.      Since 1959, HomeCare has been a nationally recognized manufacturer and supplier of house cleaning products including vacuum bags, belts, and filters to the floor care industry.

11.      HomeCare owns the registered trademark DVC (United States Patent and Trademark Office Reg. No. 2930891) in connection with vacuum cleaner bags, and vacuum cleaner filters (the "DVC Trademark").

12.      HomeCare has sold products branded with the DVC Trademark since as early as 1965.

13.      DVC Trademark vacuum bags and filters ("DVC Products") are among HomeCare's most popular branded products.

14.      HomeCare currently sells DVC Products to various distributors who resell the DVC Products via various channels including, as relevant to this action, internet sales on e-commerce websites Amazon.com and Sears.com.

15.      HomeCare also makes direct sales of DVC Products via Amazon.com and Sears.com.

*TidyVac*

16.     TidyVac is a distributor of vacuum and vacuum filter products.

17.     HomeCare's DVC Products are among the products that TidyVac distributes and resells.

18.     TidyVac distributes and resells its inventory of DVC Products via the e-commerce websites Amazon.com and Sears.com.

*Reverse Passing Off of DVC Products*

19.     Late in 2014, TidyVac was sued for alleged trademark infringement by Envirocare Technologies, LLC ("Envirocare") in the Federal District Court for the Eastern District of New York (Case No. 14-cv-4878) (the "Envirocare Litigation").

20.     In the Envirocare Litigation, Envirocare had alleged that TidyVac infringed on Envirocare's trademarks by listing for sale Envirocare-branded vacuum bags ("Envirocare Products") on the Amazon.com and Sears.com e-commerce websites but then shipping DVC Products to consumers who made purchases via those listings.

21.     While TidyVac did carry inventory of both Envirocare Products and DVC Products, TidyVac never intentionally listed Envirocare Products on Amazon.com or Sears.com in order to ship DVC Products to consumers.

22.     TidyVac's investigations during the Envirocare Litigation uncovered that TidyVac's correctly labeled listings of DVC Products were somehow being converted or relabeled as Envirocare Products on the Amazon.com and Sears.com websites.

23.     TidyVac further concluded that, upon information and belief, errors in the Amazon.com and Sears.com software algorithms allowed third parties, putatively the Defendants

in this matter, to alter TidyVac's genuine listings of DVC Products and relabel such listings as Envirocare Products.

24.     Accordingly, when consumers subsequently purchased products via the improperly relabeled Envirocare listings, TidyVac's order processing systems received orders for DVC Products which products TidyVac shipped to the consumers, including consumers in this District.

25.     During the course of the Envirocare Litigation, HomeCare began to engage in its own investigations and confirmed that numerous DVC Product listings on Amazon.com and Sears.com by HomeCare and its various other distributors were indeed being improperly converted and relabeled as competitor branded products including Envirocare Products, which improperly labeled products were shipped to consumers in this District.

26.     Accordingly, it was discovered that some unknown John or Jane Doe defendant, or XYZ Company, was improperly causing Amazon.com and Sears.com to relabel HomeCare's DVC Product listings into competitor branded products.

27.      HomeCare and its various dealers expend significant resources into maintaining and monitoring their various e-commerce listings of DVC Products and, accordingly, such improper relabeling significantly damages HomeCare in its marketing and sales efforts.

**FIRST CAUSE OF ACTION**

**Direct and Contributory Reverse Passing Off Under Lanham Act § 43**

28.     Plaintiffs re-allege and incorporate by reference all of the allegations in paragraphs 1 through 27 above.

29.     By manipulating the Plaintiffs' online product listings, Defendants have falsely designated HomeCare's DVC Products as originating with Defendants, and thus committed reverse passing off in violation of the Lanham Act, 15 U.S.C. § 1125(a).

30.     Defendants' false association of DVC Products with the Envirocare mark and any marks not belonging to HomeCare is material and likely to mislead, deceive, and cause confusion among the wholesale and retail customers for DVC Products, and among consumers at large, as to the origin of those products.

31.     To the extent that the currently unnamed and unknown Defendants are not one of HomeCare's competitor brand owners, then the foregoing-described actions of the Defendants constitute contributory reverse passing off of the DVC Trademark.

32.     HomeCare has been significantly damaged and continues to be damaged by the reverse passing off of its DVC Trademark.

## SECOND CAUSE OF ACTION
### False Advertisement Under Lanham Act § 43

33.     Plaintiffs re-allege and incorporate by reference all of the allegations in paragraphs 1 through 32 above.

34.     Defendants have made false and misleading statements of fact by manipulating Plaintiffs' online product listings to indicate that the DVC Products originated with the Defendants and/or one of HomeCare's competitors.

35.     Defendants' misleading statements have the capacity to deceive a substantial segment of potential consumers.

36.     The deception is material because it influences consumers' purchasing decisions and damages the Plaintiffs.

## THIRD CAUSE OF ACTION
### Unfair Competition Under Lanham Act § 43

37.     Plaintiffs re-allege and incorporate by reference all of the allegations in paragraphs 1 through 36 above.

38.     Defendants have engaged in unfair competition by manipulating Plaintiffs' online product listings to include competitor trademarks in the titles and/or descriptions of DVC Products.

39.     Defendants have advertised and continue to advertise their own products and/or the products of competitors in the same channel of distribution as HomeCare's affected products.

40.     Defendants' use of their own marks, or the marks of third party competitors of HomeCare, in connection with Plaintiff's products is likely to cause confusion, mistake, and deception among consumers.

41.     Upon information and belief, Defendants' manipulation of Plaintiffs' product listings is intentional and malicious and made with the objective of usurping the benefits to goodwill and reputation arising out of consumers' purchase and use of Plaintiffs' products that should rightfully belong to HomeCare.

42.     Upon information and belief, Defendants' actions enable Defendants to boost the goodwill and reputation of their marks, or the marks of third party competitors, by causing consumers to associate Defendants' marks with HomeCare's high quality products.

43.     Defendants' unfair competition has caused and will continue to cause damage to HomeCare, and is causing irreparable harm to HomeCare for which there is no adequate remedy at law.

44.     By reason of the foregoing acts, Defendants are liable to Plaintiffs for Unfair Competition pursuant to 15 U.S.C. § 1125(a).

## FOURTH CAUSE OF ACTION

### Common Law Unfair Competition

45.     Plaintiffs re-allege and incorporate by reference all of the allegations in paragraphs 1 through 44 above.

46.     This is a common law unfair competition claim for damages and injunctive relief.

47.     As a result of Defendants' actions, customer confusion is likely as to the source or sponsorship of HomeCare's products.

48.     HomeCare's products have been confused with or mistaken the Defendants' products, or third party competitors' products, by the public, or are likely to be confused or mistaken.

49.     HomeCare has been damaged and continues to be damaged by Defendants' infringing conduct.

50.     TidyVac, as a reseller of HomeCare's products, also has been damaged in its business and continues to be damaged by Defendants' infringing conduct.

## FIFTH CAUSE OF ACTION

### Deceptive Business Practices Under N.Y. GBS. Law § 349

51.     Plaintiffs re-allege and incorporate by reference all of the allegations in paragraphs 1 through 50 above.

52.     This is a claim for damages pursuant to N.Y. GBS. Law § 349 which prohibits deceptive acts and practices in the conduct of any business, trade or commerce in New York.

53.     Defendants' foregoing-described actions have deceived consumers as to the source of HomeCare's products as well they have damaged TidyVac's business by instigating litigation and tension with one of TidyVac's major product manufacturers.

54.     Defendants' deceptive acts have damaged and continue to damage the Plaintiffs' respective businesses in lost revenue, lost customer goodwill, and in investigation and litigation expenses in amounts not less than $75,000.

## SIXTH CAUSE OF ACTION

### Indemnification

55.     Plaintiffs re-allege and incorporate by reference all of the allegations in paragraphs 1 through 54 above.

56.     TidyVac has incurred significant costs, expenses, legal fees, and damages relative to the Envirocare Litigation.

57.     Such costs, expenses, legal fees, and damages have been sustained by TidyVac, upon information and belief, due to the fault of the Defendants by virtue of their utilization of flawed software algorithms on the Amazon.com and Sears.com websites as described above.

58.     TidyVac had no knowledge that any of its sales activities via the Amazon.com and Sears.com resulted in the infringement of the Envirocare brand because TidyVac relied solely upon Amazon's and Sears's directions as to which products to ship to which consumers.

59.     As such, Defendants are liable to TidyVac for common law indemnification for all of its relative costs, expenses, legal fees, and damages, including without limitation, judgments, Court costs and the legal fees and costs of the Envirocare Litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

1.      For a preliminary and permanent injunction against the manipulation of Plaintiffs' product listings.

2.      That Defendants pay to Plaintiffs, an amount to be determined at trial, which represents damages incurred as a result of Defendants' manipulation of Plaintiff's product listings, resulting in the loss of goodwill, reputation, and future sales of Plaintiff's products and Defendants' unjust enrichment in the form of benefits to their goodwill and reputation resulting from the sale of Plaintiff's mislabeled products.

3.      That Defendants pay to Plaintiffs an amount to be determined at trial, representing punitive damages for Defendants' gross and willful disregard of HomeCare's intellectual property rights.

4.      That Defendants pay to TidyVac treble damages and its reasonable attorneys' fees and costs of this action as prescribed under N.Y. GBS. Law § 349(h).

5.      That Defendants pay to Plaintiffs their reasonable attorneys' fees and the costs of this action as prescribed under the Lanham Act.

6.      All such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        September 1, 2015

_____
Tim Bukher (TB1984)
Benjamin S. Thompson (BT2176)
THOMPSON BUKHER LLP
369 Lexington Avenue, Suite 327
New York, NY 10017
P: (646) 770-1010
F: (646) 349-2366
tbukher@thomplegal.com

*Attorneys for Plaintiffs*